1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN J. KRIER,

                Petitioner,

         v.

DAN PACHOLKE,

                Respondent.

Case No.  C08-5174RJB-KLS

ORDER TO SHOW CAUSE

This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.  The Court, having reviewed petitioner's petition and the balance of the record, hereby finds and ORDERS:

On March 18, 2008, petitioner filed an application to proceed *in forma pauperis* and a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Dkt. #1).  The Court finds, however, that because petitioner is in custody under the judgment and sentence of a state court, it is more appropriate to treat this matter as a petition filed under 28 U.S.C. § 2254, and the Court shall do so here.  However, for the reasons set forth below, the Court finds that petition to be deficient.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus may not be implied or inferred.  A

ORDER
Page - 1

petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

In his petition, petitioner claims that he is being unlawfully held beyond the expiration date of his state court sentence in violation of his due process rights.  It does not appear from the petition, however, that this claim for federal *habeas corpus* relief has been properly exhausted in state court.  Specifically, the petition does not show that petitioner's claim for federal *habeas corpus* relief has been presented to the Washington State Supreme Court.

Accordingly, the Court shall not serve the petition on respondent.  In addition, petitioner shall file by **no later than May 8, 2008**, an amended petition under 28 U.S.C. § 2254 showing that his grounds for federal relief have been properly exhausted in state court, or show cause why this matter should not be dismissed.

The Clerk shall send a copy of this Order to petitioner.

DATED this 8th day of April, 2008.

Karen L. Strombom
United States Magistrate Judge