UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN J. KRIER,

                Petitioner,

    v.

DAN PACHOLKE,

                Respondent.

Case No. C08-5174RJB-KLS

REPORT AND RECOMMENDATION

Noted for June 20, 2008

Petitioner is a state prisoner currently incarcerated at the Stafford Creek Corrections Center, located in Aberdeen, Washington. This matter is before the Court on petitioner's filing of an amended petition (Dkt. #8) and response (Dkt. #7) to the undersigned's order to show cause (Dkt. #6), finding that his original petition, which was filed pursuant to 28 U.S.C. § 2241 (Dkt. #1), should have been filed as one pursuant to 28 U.S.C. § 2254, and directing him to do so. After a careful review of the record, the undersigned submits the following report and recommendation, recommending the Court find 28 U.S.C. § 2254 to be the proper vehicle for petitioner's claims, but nevertheless deny the amended petition he filed for failure to exhaust his state court remedies.

## DISCUSSION

On March 18, 2008, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Dkt. #1). He claimed that he was being unlawfully held beyond the expiration date of his state court sentence in violation of his due process rights. On April 6, 2008, the undersigned issued an order

REPORT AND RECOMMENDATION
Page - 1

informing petitioner that because he was in custody under the judgment and sentence of a state court, his petition would be treated as one filed pursuant to 28 U.S.C. § 2254. (Dkt. #6).

The undersigned further found that it did not appear from the petition that his claim for federal *habeas corpus* relief was properly exhausted in state court. Specifically, the petition did not show that petitioner's claim had been presented to the Washington State Supreme Court. The undersigned thus directed petitioner to file an amended petition under 28 U.S.C. § 2254 showing that his grounds for federal relief have been properly exhausted in state court, or show cause why this matter should not be dismissed.

In response to the undersigned's order to show cause, petitioner filed an amended petition pursuant to 28 U.S.C. § 2254 (Dkt. #8), but argues that because his sentence has expired he is no longer in custody as the result of a state court judgment, and thus that his petition should be treated as one proceeding under 28 U.S.C. § 2241. Petitioner further argues that because of this reason, and because he is challenging the constitutionality of his confinement, rather than the underlying judgment and sentence itself, exhaustion of state court remedies should not be imposed in this matter. For the reasons set forth below, however, the undersigned finds both of these arguments to be without merit.

I.  Sections 2241 and 2254

Citing to United States v. Espinoza, 866 F.2d 1067 (9th Cir. 1988) and United States v. Giddings, 740 F.2d 770 (9th Cir. 1984), petitioner argues that 28 U.S.C. § 2254 concerns only the propriety of the actual sentence imposed, and not the execution thereof, whereas the opposite is true under 28 U.S.C. § 2241. Petitioner also points to Hill v. United States, 927 F.2d 609 (9th Cir. 1991), in arguing that when a *habeas corpus* petition challenges only the lawfulness of confinement, that petition thus should be brought under 28 U.S.C. § 2241 instead of 28 U.S.C. § 2254. Each of the above cases is inapplicable to the case at hand, however, as they all involved *habeas corpus* petitions brought by petitioners in custody pursuant to sentences imposed by a federal court. Thus, the question in those cases was whether the petitions properly should have been brought under 28 U.S.C. § 2255 or 28 U.S.C. § 2241.

In other words, were petitioner in custody as the result of a sentence imposed by a federal court, he certainly might be correct in arguing that this matter should proceed in accordance with the requirements of 28 U.S.C. § 2241. That is, a petitioner in custody pursuant to a federal court-imposed

sentence seeking to contest the legality of that sentence must file the petition under 28 U.S.C. § 2255, while any challenge to "the manner, location, or conditions of" such a sentence's execution must be brought under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Petitioner in this case clearly does not fall within this category, as he was sentenced by a state court.

As noted above, though, petitioner also argues that because he no longer is in custody pursuant to a state court judgment and sentence, 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254, applies. The language of these two statutory provisions does indicate at first glance that they both might apply to petitioner's situation. For example, 28 U.S.C. § 2241 "confers jurisdiction on a district court to issue a writ of habeas corpus when a federal or state prisoner establishes that he 'is in custody in violation of the Constitution or laws or treaties of the United States." White v. Lambert, 370 F.3d 1002, 1005-06 (9th Cir. 2004) (quoting 28 U.S.C. § 2241(a) and (c)(3)). In addition, under 28 U.S.C. § 2254 a district court may "issue 'a writ of habeas corpus in behalf of a person in *custody pursuant to the judgment of a State court* . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Id. at 1006 (quoting 28 U.S.C. § 2254(a)) (emphasis added by court of appeals).

As the Ninth Circuit stated in White, however, "a proper understanding of the interaction between 28 U.S.C. § 2241 and 28 U.S.C. § 2254 leads . . . to the conclusion that they apply in different situations." Id. The Court of Appeals went on to state:

> Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." . . .
>
> By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment – for example, a defendant in pre-trial detention or awaiting extradition. In these situations, not covered by the limitations in § 2254, the general grant of habeas authority provided by the Constitution and § 2241 will provide jurisdiction for state prisoners' habeas claims.

Id. (citing Walker v. O'Brien, 216 F.3d 626, 632-33 (7th Cir. 2000)) (emphasis in original). Thus, "[i]n contrast to section 2255, section 2254 does not create an alternative to the habeas corpus remedy provided in section 2241; rather, it imposes limitations on this remedy." Id. (quoting Eric Johnson, An Analysis of the Antiterrorism and Effective Death Penalty Act in Relation to State Administrative Orders: the State Court Judgment as the Genesis of Custody, 29 New Eng. J. on Crim. & Civ. Confinement 153, 168

REPORT AND RECOMMENDATION
Page - 3

(2003)).

In other words, the Court's "authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'" Id. at 1007 (quoting Felker v. Turpin, 518 U.S. 651, 662 (1996)). That is, "it is only when § 2254 does not apply to a state prisoner (because he is not in custody pursuant to a state court judgment) that he can resort to . . . § 2241." Id. ("Although § 2254 does not contain exclusivity language along the lines of . . . § 2255 . . . as a practical matter the requirements of § 2254 must be met by all state prisoners filing petitions for writs of habeas corpus after conviction. . . . [W]hen a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case.") (quoting Walker, 216 F.3d at 633).[1]

The question for the reviewing court then is "whether at the time he filed his habeas petition," the petitioner was "in custody pursuant to a state court judgment." Id. This is "a status inquiry into the source of the petitioner's custody, and not an inquiry into the target of the petitioner's challenge." Id. at 1007-08. Thus, "[w]hat matters . . . is whether the prisoner's 'custody' is attributable, at least in part, to 'a judgment of a State court.'" Id. at 1008 (quoting Johnson, supra, at 162). For example, in White, the Ninth Circuit held that a prisoner in custody pursuant to a state court judgment, who challenged the state's authority to confine him after transfering him to a private prison, had to bring his petition under 28

---

[1] In further noting the distinction between cases involving federal prisoners and those involving state prisoners, the Ninth Circuit stated:

> "[W]e are not unmindful of the cases which hold that *federal* prisoners challenging some aspect of the execution of their sentence . . . may proceed under Section 2241. This difference arises from the fact that Section 2255 . . . is expressly limited to challenges to the validity of the petitioner's sentence. Thus, Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."

Id. at 1009 (quoting Coady v. Vaughn, 251 F.3d 480, 485 (3rd Cir. 2001)) (emphasis in original). The Court of Appeals then went on to reject the opposite approach taken by the Tenth Circuit:

> The Tenth Circuit appears to implicitly draw a distinction between habeas petitions that attack the underlying state court judgment, which the court felt would be appropriate under § 2254, and habeas petitions which do not challenge the underlying state court judgment but rather attack the execution of a sentence, which the court determined fit better under § 2241. We disagree with this position, however, because it stems from a misunderstanding of how § 2254 operates as a limitation on the general grant of habeas authority in § 2241, and also ignores the views expressed by the Supreme Court in *Felkner*.

Id. (discussing Montez v. McKinna, 208 F.3d 862 (10th Cir. 2000)).

REPORT AND RECOMMENDATION
Page - 4

U.S.C. § 2254 as the proper vehicle for his *habeas corupus* action. See also Hill v. Alaska, 297 F.3d 895 (9th Cir. 2002) (petitioner's challenge to calculation of release date properly brought under 28 U.S.C. § 2254); Cook v. v. New York State Div. of Parole, 321 F.3d 274 (2nd Cir. 2003) (rejecting petitioner's contention that he was not in custody due to state court decision, and thus that 28 U.S.C. § 2241 was applicable, because his parole had been revoked by decision of parole board).

Here, petitioner claims he is being unlawfully held passed his release date by respondent, alleging that the sentence imposed by the state court had expired. As such, petitioner asserts that he is no longer in custody pursuant to a state court decision, but, by implication, due to the decision of respondent, and thus by the Washington State Department of Corrections. However, petitioner's situation appears to be no different from the cases noted above in which the petitioners attempted to challenge under 28 U.S.C. § 2241 this type of decision or other administrative decisions made by the relevant state agency. Indeed, as admitted by petitioner, his underlying conviction and sentence have not been overturned, ruled invalid or found to have expired by a state court.

This case then is different from those situations such as that dealt with in Stow v. Murashige, 389 F.3d 880 (9th Cir. 2004), where it was found that a state prisoner's petition was properly considered under 28 U.S.C. § 2241, because his convictions had been reversed, and therefore his status became "that of a pretrial detainee," i.e., he remained "in custody pending his retrial." Id. at 886. Here, though, petitioner's status has not become that of a pretrial detainee or other similarly situated individual who is being held in a type of custody which is possible without a conviction. Accordingly, the undersigned finds that plaintiff is still in custody pursuant to a sentence imposed by a state court, and thus that this matter properly should proceed under the requirements of 28 U.S.C. § 2254.

II.     Exhaustion of State Court Remedies

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of *habeas corpus* under 28 U.S.C. § 2254. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus may not be implied or inferred. A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair

presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

It is not enough that all of the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made. Duncan v. Henry, 513 U.S. 364, 366 (1995) (citing Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982)). A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). The petitioner "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." Id.

The claim must be fairly presented in "each appropriate state court," that is, at each level of state review, so as to alert the state "to the federal nature of the claim," and to give it the "opportunity to pass upon and correct" alleged violations of the petitioner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted); see also Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). The federal basis of the claim, furthermore, must be made "explicit" in the state appeal or petition, "either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." Insyxiengmay, 403 F.3d at 668; Baldwin, 541 U.S. at 33.

In his amended petition, petitioner states that he did not appeal his sentence or conviction to either the Washington State Court of Appeals or the Washington State Supreme Court, the state's highest court. Petitioner further states in his amended petition that while he filed a *habeas corpus* petition in the Grays Harbor County Superior Court, which was denied on March 7, 2008, he also did not appeal that denial to the state's highest court. Petitioner claims he was prevented from being able to present his claims to the state's highest court on appeal from the denial of this petition, and thus from exhausting his state court remedies, because he received no response to his request for an order of indigence he filed along with his notice of appeal.

Petitioner, however, has made no showing that he at all attempted to inquire as to why he had not received any response or to otherwise resolve that issue. As such, the undersigned finds that the state courts are not "effectively blocking" petitioner from pursuing his claims in that forum as he asserts they

REPORT AND RECOMMENDATION
Page - 6

have done. (See Dkt. #7, p. 4).  Accordingly, the undersigned further finds that petitioner has failed to show he has exhausted his state court remedies in that, as explained above, he has not presented all of his claims for federal *habeas corpus* relief to the state's highest court.

## CONCLUSION

Because it appears that petitioner has failed to exhaust all of his state court remedies, the Court should deny the petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **June 20, 2008**, as noted in the caption.

DATED this 27th day of May, 2008.

Karen L. Strombom
United States Magistrate Judge